# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVI AVRAHAM ZINGER and AMERICAN QUALITY PRODUCTS LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> BEN & JERRY'S HOMEMADE, INC., UNILEVER UNITED STATES, INC. and CONOPCO, INC., <br> Defendants. | **Civ. No. 2:22-cv-01154-ES-JBC** <br><br> **Hon. Esther Salas** <br><br> ORAL ARGUMENT REQUESTED <br><br><br> Motion Day:  June 6, 2022 |

## DECLARATION OF GARY A. BORNSTEIN, ESQ., IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Dated:  May 2, 2022

I, GARY A. BORNSTEIN, declare as follows:

1.      I am a partner at the law firm of Cravath, Swaine & Moore LLP, and I am one of the attorneys representing Ben & Jerry's Homemade, Inc., Unilever United States, Inc. and Conopco Inc. (collectively, "Defendants") in the above-captioned litigation.  I am admitted to appear before this Court *pro hac vice*.

2.      I submit this declaration in connection with Defendants' Motion to Dismiss.  The contents of this declaration are based on my personal knowledge.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the March 17, 2022 letter that I sent to Plaintiffs' counsel, Edward J. Dauber.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the March 22, 2022 letter that I received from Plaintiffs' counsel, Edward J. Dauber.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of the April 13, 2022 letter that I sent to Plaintiffs' counsel, Edward J. Dauber.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of the April 20, 2022 letter that I received from Plaintiffs' counsel, Edward J. Dauber.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of the April 25, 2022 letter that I sent to Plaintiffs' counsel, Edward J. Dauber.

8.     Attached hereto as **Exhibit 6** is a true and correct copy of the April 28, 2022 email my partner Yonatan Even sent Plaintiffs' counsel, Edward J. Dauber, and Mr. Dauber's April 29, 2022 email response.

9.     Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of David Schwartz, Vice President and General Counsel at Unilever United States, Inc., in Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.  Attached thereto as Exhibit A is the April 4, 2013 amendment to the License Agreement.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of the July 19, 2021 press release issued by Ben & Jerry's.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of the statement released by Ben & Jerry's Independent Board of Directors on July 19, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2022

_s/ Gary A. Bornstein_
Gary A. Bornstein

# Exhibit 1

# Cravath, Swaine & Moore llp

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700
_____

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1084

WRITER'S EMAIL ADDRESS
gbornstein@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

PARTNER EMERITUS
_____
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

CONFIDENTIAL

March 17, 2022

<u>*Zinger et al v. Ben & Jerry's Homemade, Inc. et al,*</u>
Case No. 2:22-cv-01154 (D.N.J.)

Dear Ed:

   I write on behalf of defendants Ben & Jerry's Homemade, Inc. ("B&J"), Unilever United States, Inc. and Conopco, Inc. (collectively, "Defendants") in the above-captioned action commenced by your clients, American Quality Products Ltd. ("AQP") and Avi Zinger (collectively, "Plaintiffs"), on March 3, 2022 (the "Action").

   As I presume you know, Section 32.2 of the License Agreement dated January 10, 2004, as amended (the "License Agreement"), provides that "upon written demand of either party, any claim or controversy concerning the subject matter hereof shall be submitted to arbitration pursuant to the then prevailing American Arbitration Association rules". This letter constitutes a written demand for arbitration of all claims and controversies in the Action that are subject to Section 32.2.

   Nevertheless, as a compromise and in the interest of narrowing the range of potential disputes among the parties, Defendants are prepared to proceed in the Action, in court, by responding to Plaintiffs' motion for preliminary injunction and moving to dismiss all claims in the Action, ***provided*** that Plaintiffs agree (a) not to argue that Defendants have waived any right to require arbitration of any claim that survives the motion to dismiss, and (b) to extend Defendants' deadline to respond to the Complaint to May 2, 2022. If any of Plaintiffs' claims survive the motion to dismiss, the parties can address any disputes about the arbitrability of any surviving claims at that time.

Please confirm Plaintiffs' agreement to the above by no later than March 21, 2022 at 5:00 p.m. Eastern.

Defendants reserve all rights.

Sincerely,

*/s/ Gary A. Bornstein*

Gary A. Bornstein

Edward J. Dauber, Esq.
Linda G . Harvey, Esq.
    Greenberg Dauber Epstein & Tucker, P.C.
        1 Gateway Center, Suite 600
            Newark, New Jersey 07102
                edauber@greenbergdauber.com
                lharvey@greenbergdauber.com

Encl.

VIA EMAIL AND FEDEX

Copies w/encl. to:

American Quality Products Ltd.
    1 Hameisav Street
        Yavne 70600
            Israel
                Attention: Avi Zinger

Adv. Zvi Chowers
    Glusman, Chowers, Broid & Co.
        8 Shaul Hamelech Boulevard
            Tel Aviv 64733
                Israel
                    Facsimile: 972-3-693-8680

VIA FEDEX AND FACSIMILE

**Exhibit 2**



GREENBERG  DAUBER  EPSTEIN  &  TUCKER

COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

EDWARD J. DAUBER

March 22, 2022

**VIA ELECTRONIC MAIL**

Gary A. Bornstein, Esq.
Cravath Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Re: **Zinger, et al. v. Ben & Jerry's Homemade, Inc., et al.**
Civil Action No. 2:22cv01154(KM)(JBC)

Dear Gary:

Thank you for your letter of March 17, 2022. Subject to the terms of this letter, we agree that proceeding with the preliminary injunction motion is not a waiver of defendants' or plaintiffs' positions with respect to the arbitrability of issues in the case. Furthermore, subject to the terms set forth in this letter, we consent to defendants' request to answer or otherwise move on or before May 2, 2022.  With respect to any potential motion to dismiss or other pleading you may file, we reserve the right on behalf of plaintiffs to assert all claims, defenses, arguments and positions, substantive and procedural, and our agreement herein is not a waiver of any position we may take in response to a motion to dismiss or other pleading.

Very truly yours,

Edward J. Dauber

EJD:lac

# Exhibit 3

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1084

WRITER'S EMAIL ADDRESS
gbornstein@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

———
PARTNER EMERITUS
———
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

CONFIDENTIAL

April 13, 2022

<u>*Zinger et al v. Ben & Jerry's Homemade, Inc. et al,*</u>
Case No. 2:22-cv-01154-ES-JBC (D.N.J.)

Dear Ed:

        I write in response to your letter of March 22, 2022, concerning Section 32.2 of the License Agreement dated January 2004, as amended, which provides that "upon written demand of either party, any claim or controversy concerning the subject matter hereof shall be submitted to arbitration pursuant to the then prevailing American Arbitration Association rules".  (Mar. 17 Ltr. 1.)

        By letter dated March 17, 2022, Defendants demanded "arbitration of all claims and controversies in the Action that are subject to Section 32.2".  (*Id*.)  As a compromise, Defendants explained that they were "prepared to proceed in the Action, in court, by responding to Plaintiffs' motion for preliminary injunction and moving to dismiss all claims in the Action, ***provided*** that Plaintiffs agree (a) not to argue that Defendants have waived any right to require arbitration of any claim that survives the motion to dismiss, and (b) to extend Defendants' deadline to respond to the Complaint to May 2, 2022".  (*Id.*)

        In Plaintiffs' March 22, 2022 response, Plaintiffs agreed "that proceeding with the preliminary injunction motion is not a waiver of defendants' or plaintiffs' positions with respect to the arbitrability of issues in the case" and further agreed to extend Defendants' time to respond to the Complaint to May 2, 2022.  (Mar. 22 Ltr. 1.) Plaintiffs further stated that they "reserve the right . . . to assert all claims, defenses, arguments and positions, substantive and procedural", and that Plaintiffs' "agreement herein is not a waiver of any position [Plaintiffs] may take in response to a motion to dismiss or other pleading".  (*Id.*)

Plaintiffs' March 22 letter did not squarely address Plaintiffs' position with respect to Defendants' motion to dismiss, and we hereby seek clarification. Defendants are prepared to proceed in the Action, in court, by moving to dismiss all claims in the Action on May 2, 2022, ***provided*** that Plaintiffs agree not to argue that Defendants have waived any right to require arbitration of any claim that survives the motion to dismiss.  If any of Plaintiffs' claims survives the motion to dismiss, the parties can address any disputes about the arbitrability of any surviving claims at that time.

Please confirm Plaintiffs' agreement by no later than April 20, 2022.

Sincerely,

*/s/ Gary A. Bornstein*
Gary A. Bornstein

VIA EMAIL AND FEDEX

Edward J. Dauber, Esq.
Linda G . Harvey, Esq.
    Greenberg Dauber Epstein & Tucker
        1 Gateway Center, Suite 600
            Newark, New Jersey 07102
                edauber@greenbergdauber.com
                harvey@greenbergdauber.com

2

# Exhibit 4

**GDE&T**   GREENBERG DAUBER EPSTEIN & TUCKER   | COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

EDWARD J. DAUBER

April 20, 2022

**VIA ELECTRONIC MAIL**

Gary A. Bornstein, Esq.
Cravath Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Re: **Zinger, et al. v. Ben & Jerry's Homemade, Inc., et al.**
Civil Action No. 2:22cv01154(KM)(JBC)

Dear Gary:

Thank you for your letter of April 13, 2022. We thought our position in our March 22, 2022 letter was clear.  Subject to the terms of that letter, we agreed that proceeding with the preliminary injunction motion is not a waiver of defendants' or plaintiffs' positions with respect to the arbitrability of issues regarding the disputes between our clients. Furthermore, we consented to defendants' request to answer or otherwise move on or before May 2, 2022.  However, regarding any potential motion to dismiss or other pleading you may file, we reserved "the right on behalf of plaintiffs to assert all claims, defenses, arguments and positions, substantive and procedural, and our agreement herein is not a waiver of any position we may take in response to a motion to dismiss or other pleading."  We understand from your correspondence that it is your clients' intention to file motions to dismiss in the federal court action, and, as we stated, we reserve the right to take any positions in response to such motions, procedural or substantive, that we deem appropriate on behalf of our clients.  We have not reviewed your factual or legal arguments regarding any potential motions. Consequently, we decline to foreclose any positions we may take.

Very truly yours,

Edward J. Dauber

EJD:lac

Suite 600, One Gateway Center, Newark, New Jersey 07102 | Tel: 973.643.3700 | Fax: 973.643.1218
Email: edauber@greenbergdauber.com | Web: www.greenbergdauber.com

**Exhibit 5**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1084

WRITER'S EMAIL ADDRESS
gbornstein@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

PARTNER EMERITUS
———
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

CONFIDENTIAL

April 25, 2022

_Zinger et al v. Ben & Jerry's Homemade, Inc. et al,_
Case No. 2:22-cv-01154-ES-JBC (D.N.J.)

Dear Ed:

I write in response to your letter of April 20, 2022, concerning Defendants' arbitration demand pursuant to Section 32.2 of the License Agreement dated January 2004, as amended.

By letter dated March 17, 2022, Defendants demanded "arbitration of all claims and controversies in the Action that are subject to Section 32.2". (Mar. 17 Ltr. 1.) In that letter, Defendants stated that they were prepared to proceed with a motion to dismiss the Action in court, ***provided*** that Plaintiffs agreed not to argue that by doing so Defendants waived the right to require arbitration of any claim that survives the motion to dismiss. (_Id._)

Plaintiffs' March 22, 2022 response did not squarely address Plaintiffs' position with respect to Defendants' motion to dismiss, and Defendants therefore reiterated their proposal and sought clarification from Plaintiffs by letter dated April 13, 2022. (Apr. 12 Ltr. 2.) In Plaintiffs' April 20, 2022 response, Plaintiffs "decline[d] to foreclose any positions" that Plaintiffs may take with respect to "any potential motions". (Apr. 20 Ltr. 1.)

As a result of Plaintiffs' position, we need to hammer out now whether there are any disagreements as to which of Plaintiffs' claims should be arbitrated. In Defendants' view, all three claims that Plaintiff American Quality Products, Ltd. ("AQP") has brought against Defendant Ben & Jerry's Homemade, Inc. ("B&J") are subject to arbitration under Section 32.2. Because Defendants Unilever United States, Inc. ("UNUS") and Conopco, Inc. ("Conopco") are not parties to the License Agreement,

AQP's six claims against UNUS and Conopco can and should be dismissed, and Defendants plan to move the Court to dismiss those claims.  However, given Plaintiffs' position that UNUS and Conopco have obligations under the License Agreement (*see* Preliminary Injunction Reply 13-14), Defendants believe that if any of AQP's claims against UNUS and Conopco survives the motion to dismiss, such claims should be arbitrated as part of any arbitration of AQP's claims against B&J.

Please let us know by no later than April 27, 2022, whether Plaintiffs agree to dismiss any of AQP's claims in favor of arbitration.  Otherwise, we will move to compel arbitration of AQP's claims against B&J and any of AQP's claims against UNUS and Conopco that survive a motion to dismiss on the ground that neither of those Defendants is a party to the License Agreement.  If Plaintiffs are also amenable to arbitrating Mr. Zinger's claim for efficiency, please let us know, and we will consider your position.

Sincerely,

*/s/ Gary A. Bornstein*

Gary A. Bornstein

VIA EMAIL AND FEDEX

Edward J. Dauber, Esq.
Linda G. Harvey, Esq.
    Greenberg Dauber Epstein & Tucker
        1 Gateway Center, Suite 600
            Newark, New Jersey 07102
                edauber@greenbergdauber.com
                lharvey@greenbergdauber.com

# Exhibit 6

**From:** Edward Dauber <edauber@greenbergdauber.com>
**Sent:** Friday, April 29, 2022 2:32 PM
**To:** Yonatan Even <YEven@cravath.com>; Linda Harvey <lharvey@greenbergdauber.com>
**Cc:** Gary Bornstein <GBornstein@cravath.com>; David Kumagai <dkumagai@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Li Reed <lreed@cravath.com>; Hradil, Jennifer A. <JHradil@gibbonslaw.com>
**Subject:** RE: Zinger, et al. v. Ben & Jerry's Homemade, et al., No. 2:22-cv-01154 (D.N.J.)

External (edauber@greenbergdauber.com)

Report This Email   FAQ

Dear Counsel:

You should not make any assumptions as to our clients' legal or factual positions.  We agreed with you that litigation of the Preliminary Injunction motion would not constitute a waiver of your demand for arbitration. Beyond that, you should make whatever motions you deem appropriate.  Once we have reviewed your position in full we will respond to the Court.
 Thanks, Ed


Edward J. Dauber, Esq
Greenberg Dauber Epstein & Tucker
One Gateway Center, Suite 600
Newark, New Jersey 07102
973-643-3700
973-643-1218 (Fax)
edauber@greenbergdauber.com<mailto:edauber@greenbergdauber.com>


E-MAIL CONFIDENTIALITY STATEMENT

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS ATTORNEY
PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF
THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE
IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY
PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND PERMANENTLY DELETE THIS E-MAIL MESSAGE.  THANK YOU.


**From:** Yonatan Even <YEven@cravath.com>
**Sent:** Thursday, April 28, 2022 7:25 PM
**To:** Edward Dauber <edauber@greenbergdauber.com>; Linda Harvey <lharvey@greenbergdauber.com>
**Cc:** Gary Bornstein <GBornstein@cravath.com>; David Kumagai <dkumagai@cravath.com>; Andrew Wiktor <awiktor@cravath.com>; Li Reed <lreed@cravath.com>; Hradil, Jennifer A. <JHradil@gibbonslaw.com>
**Subject:** Zinger, et al. v. Ben & Jerry's Homemade, et al., No. 2:22-cv-01154 (D.N.J.)

Ed:

In our letter dated April 25, 2022, we asked for Plaintiffs' position on the arbitrability of the claims in the above-captioned action by yesterday.  Given Plaintiffs' lack of response, Defendants assume that Plaintiffs do not agree to dismiss any claims in favor of arbitration.  Defendants will proceed accordingly on May 2.


Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1958
Fax: (212) 474-3700

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

# Exhibit 7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

AVI AVRAHAM ZINGER and
AMERICAN QUALITY PRODUCTS
LTD.,

                    Plaintiffs,

      -against-

BEN & JERRY'S HOMEMADE, INC.,
UNILEVER UNITED STATES, INC.
and CONOPCO, INC.,

                    Defendants.

**Civ. No. 2:22-cv-01154-ES-JBC**

**Hon. Esther Salas**

ORAL ARGUMENT
REQUESTED

Motion Day:  April 12, 2022

# DECLARATION OF DAVID SCHWARTZ IN SUPPORT OF
# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
# PRELIMINARY INJUNCTION

I, DAVID SCHWARTZ, declare as follows:

1.      I am Vice President and General Counsel at Unilever United States, Inc. ("UNUS").  I submit this declaration in connection with Defendants' opposition to Plaintiff's Motion for Preliminary Injunction in the above-captioned litigation.

2.      The statements made herein are based upon my personal knowledge and upon knowledge I have derived from my review of the records and files maintained by UNUS and its affiliates in the ordinary course of business.

3.      UNUS is a Delaware corporation headquartered in Englewood Cliffs, New Jersey.  UNUS is a holding company that provides management and communications services for its subsidiaries.

4.      Conopco, Inc. ("Conopco") is a subsidiary of UNUS and a New York corporation headquartered in Englewood Cliffs, New Jersey.  Conopco manufactures and sells food, personal care products and household products.

5.      Ben & Jerry's Homemade, Inc. ("B&J") is a subsidiary of Conopco and a Vermont corporation headquartered in Burlington, Vermont.  B&J manufactures, distributes and sells ice cream.

6.      Attached hereto as **Exhibit A** is a true and correct copy of the amendment made and entered into on April 4, 2013, between B&J and American Quality Products, Ltd., to the License Agreement, dated January 8, 2004.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March __27__, 2022

David Schwartz

# Exhibit A

SECOND AMENDMENT
TO BEN & JERRY'S AND AMERICAN QUALITY PRODUCTS
LICENSE AGREEMENT

This 2nd Amendment (this **"Amendment"**) is made and entered into on April 4, 2013 (the **"Effective Date"**), by and among the following parties:

♦ **BEN & JERRY'S HOMEMADE, INC. ("Ben & Jerry's");**

♦ **AMERICAN QUALITY PRODUCTS, LTD. ("Licensee"); and**

RECITALS:

A.      BEN & JERRY'S' and LICENSEE are parties to a License Agreement dated January 8, 2004 ( the **"License Agreement"**) as amended by a letter agreement dated June 24, 2005 extending the term.

B.      Ben & Jerry's and Licensee wish to extend the term of the License Agreement and amend certain terms of the License Agreement.

C.      All capitalized terms not otherwise defined in this Amendment shall have the same meanings given in the License Agreement.

NOW THEREFORE, the parties, in consideration of the undertakings and commitments of each party to other parties set forth herein and in the License Agreement, hereby mutually agree as follows:

1.      Section 4.1 of the License Agreement is hereby amended to extend the term through and including December 31, 2017, provided that:

1.1      Licensee has satisfied all of its monetary obligations and all other outstanding obligations to Ben & Jerry's and its affiliates prior to the Effective Date;

1.2      Licensee has furnished evidence satisfactory to Ben & Jerry's that all insurance coverage required under the License Agreement has been retained and will remain in effect and,

2.  Additional Revisions to the  License Agreement.

 Definitions:

**Gross Turnover/Gross Sales** shall be deleted in its entirety and substituted with the following:

*"**Turnover** - means the gross invoiced amount for Products (as defined hereunder) sold by Licensee or any of its Affiliates to third party customers minus: actual*

returns, applicable damages, coupons, or trade allowances, but regardless of any taxes other than purchase tax and value added tax. For the purpose of this definition, a sale shall not be deemed to have occurred when Products are transferred or "sold" by Licensee to its Affiliate or to Unilever for resale, but only upon the resale by Licensee or any of its Affiliates to a third party. Turnover shall also include any other income from any source relating to the Licensed Business or the Products, including without limitation, any income from sub-licensing or franchising the Licenses Business or any part thereof."

Section 4.2 of the License Agreement shall be deleted in its entirety and substituted with the following:

"4.2 Licensee may renew the rights granted hereunder for one (1) additional Consecutive term of five (5) years (the "3rd Renewal Term") if the following conditions are met prior to commencement of the 3rd Renewal Term.

4.2.1    Licensee shall give Ben & Jerry's written notice of Licensee's election to renew at least nine (9) months, but not more than twelve (12) months, prior to the end of the Initial Term; and

4.2.2    Licensee shall not have any past due monetary obligations or other outstanding obligations to Ben & Jerry's or its Affiliates; and

4.2.3    Licensee shall not be in default of any material provision of this Agreement, or successor hereto, or any other agreement between Licensee and Ben & Jerry's or its Affiliates or any lease or sublease for the premises of any Retail Shop or other facility ("Premises"). Licensee shall have substantially complied with all the terms and conditions of such agreements during the terms thereof; and

4.2.4    Licensee shall execute a general release, in a form prescribed by Ben & Jerry's of any and all claims against Ben & Jerry's and its Affiliates, and their respective present and former officers, directors, agents, and employees; and

4.2.5    Licensee shall make or provide for, in a manner satisfactory to Ben & Jerry's, such renovation and modernization of the manufacturing facility (ies) and/or of any location used in the wholesale component of the Licensed Business, and any open and operating Retail Shop, as Ben & Jerry's may reasonable require, including installation of new equipment and renovation of existing fixtures, replacement of obsolete signage, furnishings and décor in order to accommodate the then current technology relative to the manufacture of the Local Proprietary Products, the Wholesale Distribution of Products and the design and image of the then current Retail Shops; and

4.2.6    *Licensee shall comply with the then current Ben & Jerry's qualification and training requirements for operators of Retail Shops outside of the U.S. so long as the said qualifications and requirements have actually substantially been enforced, to the extent required, by Ben & Jerry's, in the previous twelve (12) months, upon other Ben & Jerry's licensees outside of the U.S and Canada. "*

(b) Section 4.7 of the License Agreement shall be deleted in its entirety and substituted with the following:

"*4.7 BEN & JERRY'S may, in its sole discretion, require Licensee to pay a renewal fee the ('Renewal Fee") in US dollars equal to 10% of the greater of: (i) 50% of Licensee's Net Income generated from the Products or other rights pursuant to this Agreement for the last year of 1st Renewal Term or (ii) 1.25% of Licensee's Turnover from all sources of income of Licensee generated from the Products or other rights pursuant to this Agreement for the last year of the 1st Renewal Term. Payments shall be made in accordance with Section 12.*"

(c) Section 12.1 of the License Agreement shall be deleted in its entirety and substituted with the following:

"*12.1 there shall be no royalties paid or due to Ben & Jerry's or Unilever with respect to any of Ben & Jerry's Products manufactured or sold in the Territory by the Licensee or any of its Affiliates during the Initial Term. During the Renewal Term, Licensee shall pay Ben & Jerry's an annual royalty fee equal to 3% of the Turnover.*"

(d) Section 12.5.1 of the License Agreement shall be deleted in its entirety and substituted with the following:

"*12.5.1 Each month during the Term of this Agreement, Licensee shall contribute to its own marketing budget (the Marketing Budget") a sum equal to not less than two (2) percent of Licensee's Turnover from the sale of all Products through the Wholesale Distribution Channels and the Retail Shops for the preceding month. Licensee understands and acknowledges that such required expenditure is a minimum requirement only, and that Licensee may, and is encouraged to expend additional funds for marketing and*

> promotion. *Licensee agrees to include the proposed expenditures for this fund in the annual Business Plan."*

3. Effect. This Amendment constitutes an integral part of the License Agreement between the parties hereto, and the terms of this Amendment shall be controlling with respect to the subject matter hereof. Except as modified or supplemented by this Amendment, the terms of the License Agreement are hereby ratified and confirmed.

     IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement in duplicate on the date first above written.

**AMERICAN QUALITY PRODUCTS, LTD**    **BEN & JERRY'S HOMEMADE, INC.**

By: _____    By: _____

Name: **Avi Zinger**    Name: Jostein Solheim

Title: Licensee    Title:  Chief Executive Officer

# Exhibit 8

Case 2:22-cv-01154-ES-JBC   Document 41-3   Filed 05/02/22   Page 30 of 34 PageID: 769



# Ben & Jerry's Will End Sales of Our Ice Cream in the Occupied Palestinian Territory

## July 19, 2021

We believe it is inconsistent with our values for Ben & Jerry's ice cream to be sold in the Occupied Palestinian Territory (OPT). We also hear and recognize the concerns shared with us by our fans and trusted partners.

We have a longstanding partnership with our licensee, who manufactures Ben & Jerry's ice cream in Israel and distributes it in the region. We have been working to change this, and so we have informed our licensee that we will not renew the license agreement when it expires at the end of next year.

Although Ben & Jerry's will no longer be sold in the OPT, we will stay in Israel through a different arrangement. We will share an update on this as soon as we're ready.

## FAQs

You say this isn't "consistent with your values." What do you mean?

What do you consider to be the OPT?

Why are you waiting until next year to remove your products from the OPT?

Are you exiting Israel? Are you boycotting Israel? Is this part of the Boycott, Divestment, Sanctions (BDS) movement?

Ben & Jerry's is being accused of antisemitism. What is your response?

Where else in the world do you sell your ice cream?

Case 2:22-cv-01154-ES-JBC   Document 41-3   Filed 05/03/22   Page 31 of 34 PageID: 770

Back To Top

# Connect with Us

## How can we help you?

Select

# It's Like Dessert For Your Inbox

Sign Up For Our Email Newsletter & Get The Inside Scoop!

address@email.com                    SUBSCRIBE

   

# Also of Interest

2015 Social & Environmental Assessment Report

10 Ben & Jerry's Myths, Debunked (Or Confirmed)

Scoop Shops & Catering Near Me

Contact Us

Franchise

Press

Jobs

Terms of Use

Privacy Notice

Sitemap

Accessibility

▷ AdChoices–Do Not Sell

© 2021 Ben & Jerry's Homemade, Inc. This website is directed only to U.S. consumers for products and services of Ben & Jerry's Homemade, Inc. This website is not directed to consumers outside of the U.S.

# Exhibit 9

A Statement from Ben & Jerry's Independent Board of Directors
Regarding Sales of our Product in the Occupied Palestinian Territory

For 21 years, Ben & Jerry's has operated as a unique business within the broader Unilever portfolio of companies and brands due to the nature of the Acquisition Agreement between Ben & Jerry's and Unilever that was executed in 2000.

The Acquisition Agreement enshrines Ben & Jerry's Independent Board of Directors with primary responsibility for preserving and enhancing the company's social mission and with safeguarding the essential integrity of the Ben & Jerry's brand.

As part of this responsibility, the Acquisition Agreement grants the Independent Board the power to prevent any action by Ben & Jerry's CEO in a number of areas related to the company's social mission and brand integrity, including the approval of the content of marketing materials, licensing and other uses of the Ben & Jerry's trademark.

The statement released by Ben & Jerry's regarding its operation in Israel and the Occupied Palestinian Territory (the OPT) does not reflect the position of the Independent Board, nor was it approved by the Independent Board.

By taking a position and publishing a statement without the approval of the Independent Board on an issue directly related to Ben & Jerry's social mission and brand integrity, Unilever and its CEO at Ben & Jerry's are in violation of the spirit and the letter of the Acquisition Agreement.

Regarding the presence of our product in the OPT, the Independent Board has authorized only the following statement:

*"We believe it is inconsistent with our values for Ben & Jerry's ice cream to be sold in the Occupied Palestinian Territory.*

*We have a longstanding agreement with our licensee, who manufactures Ben & Jerry's ice cream in Israel and distributes it in the region.*

*The company will not renew the License Agreement when it expires next year.*

*We have always been led by our values and remain committed to being a social justice company."*